ALMIRA PHILLIPS *vs.* ISAAC L. BRISTOL.

Berkshire. Sept. 13. — Oct. 25, 1881. LORD & DEVENS, JJ., absent.

A field-driver cannot at the same time distrain and impound cattle for both causes prescribed by the Gen. Sts. *c.* 25: for going at large in the highway without a keeper, and for doing damage on private lands.

If one cause of the impounding of cattle by a field-driver is the damage done by them to the land of A., a notice by the field-driver to the owner of the cattle, describing them and stating that they were impounded " for being at large out of enclosure in the highway, said cattle delivered to me in said highway by the agent of A.," and that the damage to A., together with the fees of the field-driver and pound-keeper, amounted to a certain sum, is not a sufficient notice, under the Gen. Sts. *c.* 25, § 29.

TORT for the conversion of cattle. Answer, a general denial. At the trial in the Superior Court, before *Brigham,* C. J., the following facts appeared:

The defendant was a field-driver of Otis, and took the plaintiff's cattle in the highway where they had been driven by the agent of Abigail Humphrey, upon whose land they were trespassing, and drove them to the town pound, and delivered them to the pound-keeper.

The defendant, upon the same day, gave to the plaintiff a notice in writing as follows: "Otis, May 19, 1880. To Almira Phillips of Otis: You are hereby notified that I have this day impounded in the town pound in said Otis your cattle, viz.: Seven yearlings, three steers of a red color, one bull of a red and white color, two white steers, one heifer of a red and white color, for being at large out of enclosure in the highway; said cattle delivered to me in said highway by the agent of Abigail Humphrey, to wit, Charles Humphrey; and the damages to said Humphrey is one dollar and fifty cents for and my fees, being three dollars and fifty cents, amounting to five dollars;' also the expense of pound-keeper's fees and expense of keeping, which it may require for keeping them. Isaac L. Bristol, field-driver of town of Otis."

The defendant also gave to the pound-keeper a memorandum as follows: "Otis, May 19, 1880. To Edward Davison of Otis, keeper of the pound in said Otis, said cattle belonging to Almira Hayden, which I have this day committed to your custody in the town pound for being at large in the highway out of enclosure, and for doing damage on land of Abigail Humphrey on her land in Otis; the damage to Mrs. Humphrey is one dollar and fifty cents, and my fees distraining and putting to pound three dollars and fifty cents. Damages $1.50, I. L. Bristol fees $3.50, also your own fees and expense of keeping. Isaac L. Bristol, field-driver of town of Otis."

The plaintiff, upon receipt of said notice, went to the pound-keeper, paid the charges upon said cattle under protest, and drove them away.

The judge ruled that the notice and memorandum were insufficient in law to support the defence to this action, and ordered judgment to be entered for the plaintiff in the sum of six dollars; and the defendant alleged exceptions.

*E. T. Slocum*, for the defendant.

*N. W. Shores*, for the plaintiff.

ALLEN, J. The defendant distrained and impounded the cattle of the plaintiff for both the causes provided for in the Gen. Sts. *c.* 25 ; for going at large in the highway without a keeper, and for doing damage on private lands  These are distinct causes of impounding, and cattle cannot be distrained for both at the same time.  They cannot be at the same time going at large in the highway and doing damage on private lands.  In the one case, they can be impounded by the field-driver only, and for the purpose of restraining them from going at large, and they can be held only for the legal fees and expenses incident to their restraint.  In the other case, they are distrained for doing damage to an individual in his land, and can be impounded only by the person injured, and held until the damages to him, and the incidental expenses of collecting them, are paid.  In the one case, the cattle can be held only for the fees of the field-driver impounding, and the fees and expenses of the pound-keeper, and not for damages ; in the other, only for the damages to the landowner and his expenses, and in some cases the fees of the pound-keeper, and not for the fees of the person impounding.  In the case at bar, the cattle were distrained and impounded for both causes, and were held until both the fees of the field-driver, and the damages claimed by the landowner, were paid.  This was not a lawful impounding, and the defendant cannot justify under it.  *Sanderson* v. *Lawrence*, 2 Gray, 178. Again, the statute requires that the person impounding shall give a notice to the owner of the cattle, which shall state, among other things, the cause of the impounding.  One cause of the impounding in this case was damage done by the cattle to land of Mrs. Humphrey, and they were held in pound until the damages claimed were paid.  If the impounding was lawful, the defendant can justify only by showing that he gave notice of this cause of it to the plaintiff.  But the notice which he gave was clearly no notice that the cause of the impounding was damage done to Mrs. Humphrey in her land.

*Exceptions overruled.*